UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DOUGLAS A. WALLACE,<br><br>                    Plaintiff,<br><br>    v.<br><br>WILLARD MITT ROMNEY, et al.,<br><br>                    Defendants. | Case No. 3:12-cv-00167-MMD-VPC<br><br>ORDER<br><br>(Defendants' Motion to Dismiss – dkt. no. 16; Plaintiff's Motion to Amend – dkt. no. 21; Plaintiff's Motion to Extend Time – dkt. no. 22; Plaintiff's Objection to Reassignment – dkt. no. 31) |

**I.    SUMMARY**

Before the Court are Defendants' Motion to Dismiss and Plaintiff's Motions to Amend, Extend Time, and Objection to Reassignment. (*See* dkt. nos. 16, 21, 22, and 31.) For the reasons set forth below, Defendants' Motion is granted, and Plaintiff's Motions are denied.

**II.    BACKGROUND**

On March 28, 2012, Plaintiff Douglas A. Wallace brought this action *pro se* against Defendants Willard Mitt Romney, Eric Holder, and Lynn M. Halbrooks based on a series of allegations concerning government takeovers, purported establishment of religious rule in the United States, and the use of data centers by theocratic dictatorships in Utah.[1] The allegations are difficult to comprehend, and it is unclear upon what causes of action Plaintiff seeks to sue Defendants.

---

[1] Wallace voluntarily dismissed Defendant Romney from the suit. (*See* dkt. no. 14.)

Shortly after being served, Defendants moved to dismiss Plaintiff's Complaint with prejudice pursuant to Fed.R.Civ.P. 12(b)(1) and (6), arguing that the Complaint is fanciful, bizarre, and contains frivolous allegations. Thereafter, Wallace filed a Motion for Leave to Amend Complaint and for Enlargement of Time to Amend Plaintiff's Opposition to Defendant's Motion for Summary Judgment. (*See* dkt. nos. 21 and 22.) Wallace seeks to amend his Complaint after the dismissal of Romney from the suit, and seeks to amend his Response to Defendants' Motion to Dismiss.

On April 16, 2013, this case was reassigned to the undersigned. Five days later, Wallace filed an Objection to the reassignment seeking reconsideration of the reassignment on account of alleged conflicts of interest.

### III. DISCUSSION

#### A. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district

court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

**B.     Analysis**

Wallace's Complaint is without merit, and cannot survive a motion to dismiss. First, Wallace fails to properly invoke the Court's jurisdiction. No viable causes of actions are pled that support invoking the Court's limited subject matter jurisdiction. Second, Wallace's factual allegations are conclusory and fanciful, and do not entitle him to proceed to discovery. While the Court is mindful that it must construe a *pro se* plaintiff's allegations liberally and find all reasonable inferences in their favor, "[a] court may dismiss a claim as factually frivolous . . . if the facts alleged are 'clearly baseless,' . . . a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992) (internal citations omitted).

Plaintiff's allegations of a conspiratorial religious order seeking to take over governance of the United States fall squarely within the category of fanciful. Wallace makes a series of conclusory allegations concerning theocratic rule in Utah, the involvement of the Mormon Church in a nationwide secret conspiracy, and the use of

National Security Agency data centers in furtherance of nefarious religious ends. Having failed to allege a plausible claim for relief, the facts pled by Wallace can only be described as frivolous. His Response to Defendants' Motion to Dismiss does not save his faulty Complaint, and granting leave to amend and expand his Response would be inappropriate.

Further, Wallace is not entitled to amend his Complaint. Dismissal without leave to amend is appropriate when the complaint cannot be cured by additional facts. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995). Although leave to amend a complaint is liberally granted under Fed.R.Civ.P. 15, "leave to amend need not be granted if the proposed amended complaint would subject to dismissal." *Bellanger v. Health Plan of Nev., Inc.*, 814 F. Supp. 914, 916 (D. Nev. 1992) (*citing United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Ins. Corp. of Am.*, 919 F.2d 1398 (9th Cir.1990); *see also Johnson v. Am. Airlines*, 834 F.2d 721 (9th Cir. 1987) (stating that "courts have discretion to deny leave to amend a complaint for 'futility', and futility includes the inevitability of a claim's defeat on summary judgment.")

Here, no amount of additional facts can support non-existing claims which do not raise a federal question and which no factual allegation can support. It would be a misuse of judicial resources to continue the case where it is wholly without merit. As the court has the ability to grant leave to amend "when justice so requires," Fed.R.Civ.P. 15(a)(2), this case does not present a situation when leave would be appropriate.

Further, Wallace's failure to attach a proposed Amended Complaint necessitates dismissal of his Motion to Amend. *See* Local Rule 15-1 (requiring the moving party to "attach the proposed amended pleading to any motion to amend so that it will be complete in itself without reference to the superseding pleading.").

Lastly, Wallace's objections to the reassignment of the case from Judge Hicks fail to raise a colorable reason for recusal by the undersigned. Accordingly, his objection to reassignment is denied.

///

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (dkt. no. 16) is GRANTED with prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motions to Amend and to Extend Time (dkt. nos. 21 and 22) are DENIED.

IT IS FURTHER ORDERED that Plaintiff's Notice of Objection to Court's Reassignment and Motion for Reconsideration (dkt. no. 31) is DENIED.

The Clerk of the Court is instructed to enter judgment in favor of Defendants, and to close this case.

DATED THIS 16th day of May 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE